IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv221-FDW
(3:06cr88)

| | |
|---|---|
| ANTONIO MAURICE CRAIG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NOTICE AND ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on May 4, 2011. (Doc. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, it appears that Petitioner's motion is time-barred. He shall be given 20 days in which to file a document explaining to the Court why he believes his motion should not be dismissed as untimely.

**I. Factual and Procedural Background**

Petitioner was indicted on September 29, 2006 for conspiracy to possess with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(a) (Count One) and possession with intent to distribute a controlled substance, crack

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts Two and Three). (Case No. 3:06cr88, Doc. No. 18: Superseding Indictment.) On March 28, 2008, Petitioner was found guilty after a trial by jury of Counts One and Two and was acquitted of Count Three. Id. at Doc. No. 64. Judgment was entered on February 20, 2008, and the Court sentenced Petitioner to concurrent terms of 240 months imprisonment and three years of supervised release for each count.. Id. at Doc. No. 73.

Petitioner filed a timely notice of appeal, and the Fourth Circuit Court of Appeals affirmed his convictions and sentences on December 30, 2009. Id. at Doc. No. 89. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§2255(f). Petitioner's conviction and sentence became final on or about March 29, 2010, the

expiration date of the 90-day period during which he could have filed a certiorari petition in the Supreme Court.  Clay v. United States, 537 U.S. 522, 532 (2003).  Therefore, Petitioner had until March 29, 2011 in which to file a Motion to Vacate in federal court.  See id. at 527 ("]T]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).").  Petitioner's Motion to Vacate indicates that it was mailed to the Clerk of Court on May 2, 2011.  It appears that, absent equitable tolling, Petitioner's Motion to Vacate is untimely.

The Fourth Circuit has directed district courts to warn *pro se* petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period.  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion).  Petitioner shall have the opportunity to argue to this Court why his § 2255 motion should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner has twenty (20) days from the date on which this Order is entered to file a document in this Court explaining why his § 2255 motion should not be dismissed as untimely.

Signed: May 6, 2011

Frank D. Whitney
United States District Judge

3