IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv221-GCM[1]
(3:06cr88)

| | |
|---|---|
| ANTONIO MAURICE CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, Petitioner's motion shall be dismissed for failure to state a claim upon which relief may be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted on September 29, 2006 for conspiracy to possess with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(a) (Count One) and possession with intent to distribute a controlled substance, crack

---

[1] This case has been reassigned to the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period. See 3:11mc67-W, Doc. 1.

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts Two and Three). (Case No. 3:06cr88, Doc. 18: Superseding Indictment.) On March 28, 2008, Petitioner was found guilty after a trial by jury of Counts One and Two and was acquitted of Count Three. (Id. at Doc. 64.)

At Petitioner's sentencing hearing, it was determined by the Court, and agreed to by the parties, that Petitioner's offense level was 22, and his criminal history category was V. (Case No. 3:06cr88, Doc. 82: Sentencing Hr'g Tr. at 9.) However, the Court also determined that Petitioner was a career offender based upon his prior felony robbery convictions. (Id. at 15.) The Court determined that the Guideline sentencing range for Petitioner was 210-262 months imprisonment. (Id. at 16.)

Counsel moved for a downward departure pursuant to 18 U.S.C. § 3553(a) and sought a sentence in the 77 to 96 month range. (Id. at 19.) The Government opposed the motion, arguing that Petitioner had a history of violence connected with his past offenses and that he had picked up a new charge while awaiting sentencing in this case. Specifically, the Government asserted that Petitioner had assaulted a sheriff's deputy at the jail where he was being held and that a warrant had been issued for the assault. (Id. at 27-28.) This information was not in the Presentence report, and the Government had learned of the charges on the previous day. (Id. at 28-29.)

The Court proposed continuing the sentencing hearing to allow counsel to investigate the new allegations, but counsel declined, stating that while she objected to the Court considering the new allegations, she preferred to continue with sentencing. (Case No. 3:06cr88, Doc. 82: Sentencing Hr'g Tr. at 29.) The following colloquy ensued:

    THE COURT:    But – because . . . under Gall, the Court now really has to consider

|  | the sentencing factors, . . . and one of the most important sentencing factors is the danger of this particular defendant, a threat to public safety of this particular defendant. |
|---|---|
|  | If the defendant is having a hard time conforming to nonviolent conduct when he's in custody, then when he is out of custody, it would seem that he would be even more likely to commit nonviolent [sic] conduct. |
|  | The Court considers this to be relevant, but the Court certainly does not want the defendant to be caught off guard, and that's why I feel you should be given the time to prepare. I mean you don't want that time? |
| [COUNSEL]: | Your Honor, today is his sentencing date. I've prepared. This was begin [sic] to me yesterday. And I just prefer to continue with the sentencing today while objecting to you using this in fashioning a sentence. |
| THE COURT: | Well, other than timeliness . . . what would be the basis for objecting to it, considering it? |
| [COUNSEL]: | That's the only issue, your Honor. Today's the date set for sentencing and we're just ready to go forward with it. |
|  | . . . |
| THE COURT: | It's relevant to whether he's a threat to society or not, and that's a critical part of the sentencing factors. One of the most important sentencing factors is whether this particular defendant can be rehabilitated, whether this particular defendant is a threat to public safety. And it is very relevant. I just don't want there to be any unfairness in this process. I want to make sure the defendant gets an adequate opportunity to respond to the allegations. |
|  | . . . |
|  | So, you don't want the continuance, you want to proceed. |
| [COUNSEL]: | My objection is just noted for the record, your Honor, but I am ready to proceed; ready to conclude sentencing. |
| THE COURT: | All right. Thank you. |

(Id. at 29-33.)

The Government called Charlotte-Mecklenburg Police Officer Stephen Parker to testify regarding his knowledge of the alleged assault on the sheriff's deputy. Officer Parker testified that he was one of the investigators involved in Petitioner's case. (Id. at 33.) He testified further that the previous day, while preparing for Petitioner's sentencing, he discovered in the CMPD's computer system that there were three outstanding warrants for Petitioner's arrest. He pulled physical copies of the warrants, one of which was for assaulting the sheriff's deputy. He also pulled the incident report of the assault and testified that it indicated that Petitioner had punched the deputy several times in the face and head and that he had scratched and bitten the deputy in the face and neck. The deputy received treatment for his injuries at one of the local hospitals. (Id. at 35-38.)

The Court rejected the motion for downward departure and sentenced Petitioner to 240 months imprisonment. (Id. at Doc. 73.) In so doing, the Court took into consideration the allegations that Petitioner had assaulted the sheriff's deputy while incarcerated and awaiting sentencing in this case. (Id. at Doc. 82, p. 47.)

Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals affirmed his convictions and sentence on December 30, 2009. (Case No. 3:06cr88, Doc. 89.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 3, 2010. (Doc. 3 at 3-5.) Petitioner timely filed the instant Motion to Vacate on May 4, 2011.[2] (Doc. 1.)

---

[2]Petitioner's one-year statute of limitations expired on May 3, 2011, one year after his cert petition was denied by the Supreme Court. 28 U.S.C. § 2255(f)(1). Although Petitioner's Motion to Vacate was not received in this Court until May 4, 2011, it was signed and dated May 2, 2011, making it timely. Rules Governing Section 2255 Proceedings, Rule 3(d), 28 U.S.C.A. foll. § 2255.

## II. DISCUSSION

Petitioner claims that trial counsel was ineffective at sentencing for refusing to accept the Court's offer of a continuance in order to" investigate the existence of a warrant for petitioner assaulting an officer while housed at the detention center." (Id. at 3.) Petitioner also raises a related ineffective assistance of appellate counsel claim. (Id.)

In Strickland v. Washington, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, that there is a reasonable probability that but for the error, the outcome of the proceeding would have been different. 466 U.S. 668, 687-91 (1984). Petitioner bears the burden of proving Strickland prejudice. Fields v. Attorney General of Md., 956 F.2d 1290, 1297 (4th Cir. 1995) (citation omitted). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. (citing Strickland, 466 U.S. at 697). The right to effective assistance of counsel extends to the direct appeal phase of the case as well. Evitts v. Lucey, 469 U.S. 387, 396 (1985) ("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.").

Here, Petitioner has failed to allege sufficient facts to state a Sixth Amendment claim of ineffective assistance of counsel. See Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("The . . . [f]actual allegations must be enough to raise a right to relief above the speculative level."). In the context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing

Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255.

Setting aside the issue of deficient conduct on the part of counsel, Petitioner cannot show prejudice on the facts alleged in the Motion to Vacate. Fields, 956 F.2d at 1297. Petitioner's entire prejudice argument is quoted herein: "Had counsel requested for [sic] a continuance, the issue could have been resolved before the court enhanced petitioner, which would have resulted in a lesser sentence." (Doc. 1 at 3.) Such an assertion is conclusory and wholly speculative. Petitioner does not contend that had sentencing been continued, counsel would have discovered that there was no outstanding warrant for assault on a jail official or if there was one, that it had since been dismissed. Indeed, he does not contend that the assault allegations were false. In short, he has alleged no facts from which the Court could conclude that had counsel accepted the continuance, there is a reasonable probability that Petitioner would have received a lower sentence. Strickland, 466 U.S. at 694.

Petitioner's related claim that appellate counsel was ineffective for failing to allege on appeal that trial counsel was ineffective for refusing a continuance at sentencing is without merit. As a general rule, claims of ineffective assistance of counsel must be raised in a § 2255 motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (citation omitted). Because the record before the appellate court would not have conclusively established that trial counsel was constitutionally ineffective in refusing the continuance, appellate counsel could not have been ineffective for failing to raise the issue on appeal. Strickland, 466 U.S. at 694.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate shall be dismissed. Furthermore, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the

Court declines to issue a certificate of appealability as Petitioner has failed to establish that reasonable jurists would find that the Court's assessment of his constitutional claims is debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that**:**

1. The Clerk is directed to reassign this case to the Honorable Graham C. Mullen, Senior United States District Judge;

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** and **DENIED**; and

3. A certificate of appealability shall not issue in this case.

**SO ORDERED**.

Signed: June 27, 2011

Graham C. Mullen
United States District Judge